# EXHIBIT 1



U.S. Department
of Transportation

**Federal Motor Carrier
Safety Administration**

# Memorandum

| | | |
|---|---|---|
| Subject: | **ACTION**: English Language Proficiency Testing and Enforcement Policy MC-ECE-2016-006 | Date: JUN 1 5 2016 |
| From: | William A. Quade, Associate Administrator for Enforcement | Reply to Attn. of: |
| To: | All FMCSA Staff | |

## PURPOSE:

This policy memorandum provides guidance to Federal Motor Carrier Safety Administration (FMCSA) personnel conducting safety investigations, audits, and inspections of commercial motor vehicles (CMV) and drivers using the Commercial Vehicle Safety Alliance's (CVSA) North American Inspection Standards. This policy removes the requirement to place drivers out of service for English Language Proficiency (ELP) violations and changes the Agency ' s standard for determining non-compliance with the ELP requirements at 49 CFR § 391.11(b)(2) based on direction from the Office of the Secretary (OST) and the U.S. Depa11ment of Justice (DOJ).

## CANCELLATION:

This policy memorandum supersedes the policy memoranda issued on this subject titled , " Placing Drivers Out of Service for Violating 49 CFR 391.11(b)(2) English Language Proficiency" dated July 20, 2007, and " 49 CFR Section 391.11(b)(2) English Language Proficiency" dated February 1, 2008.

## BACKGROUND:

Section 391.11(b)(2) of the Federal Motor Carrier Safety Regulations requires drivers operating CMVs in interstate commerce to " read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries , and to make entries on required reports and records."

Additionally on April 26, 1995 the North American Free Trade Agreement, Land Transpo11ation Standards Subcommittee on Commercial Motor Vehicle and Driver Standards and Motor Carrier Compliance agreed to a resolution on language proficiency of CMV vehicle drivers as follows: "That in recognition of the three countries' language differences it is the responsibility of the driver and the motor carrier to be able to communicate in the country in which the driver /carrier is operating so that safety is not compromised."

CVSA amended its out-of-service (OOS) criteria, effective April 1, 2005, to include violations of 49 CFR Section 391.11(b)(2). In a July 20, 2007 policy memorandum, the Office of Enforcement issued guidance instructing inspectors to cite drivers and/or motor carriers for violations of 49 CFR 391.11(b)(2) when a driver fails to communicate in English sufficiently to understand and res pond to official inquiries and directions, and to place the driver out-of-service . The same memorandum provided guidance and an assessment tool to confirm a driver's ability to communicate English sufficiently to understand and respond to official inquiries and directions.

In a second ELP policy memorandum, effective February 1 2008 FMCSA staff and enforcement personnel were provided a tool specifically for evaluating a drivers ability to understand U.S. highway traffic signs. The 2008

policy allowed the driver to explain his /her understanding of the highway traffic signs in a language other than English, provided the inspector is able to understand the explanation.

Additionally, on October 1, 2014, FMCSA published regulatory guidance titled, "Driver Qualifications; Regulatory Guidance Concerning the Applicability of Language Requirement to Drivers Who Do Not Meet the Hearing Standard' [79 FR 59139]. This guidance explained that the English language rule should not be construed to prohibit operation of a commercial motor vehicle (CMV) by hearing impaired drivers who can read and write in the English language but do not speak for whatever reason, and were granted exemptions by FMCSA. Specifically, the guidance advises that a driver who is granted an exemption from 49 CFR 391.41(b)(11) would not be considered unqualified under the English language proficiency requirement in 49 CFR 391.11(b)(2) if the driver is capable of reading and writing in the English language. In that circumstance, the hearing impaired driver satisfies the English language requirement.

More recently, CVSA members voted to remove 49 CFR 391.11(b)(2) from their out of service criteria because they could not substantiate the safety impact s. This change went into effect on April 1, 2015. As a result FMCSA is formally canceling its policy of citing non-compliance with this regulation as an OOS violation, effective immediately.

In addition, FMCSA Grant Applicants are required to sign the FMCSA Title VI Program Assurance, which includes as authorities Title VI of the Civil Rights Act of 1964 (Title VI) and Executive Order #13166 (Limited English Proficiency or LEP). As a result, FMCSA Recipient- conducted enforcement activities (to include inspection activities) are to be implemented in a non-discriminatory manner that comports with the National Origin protection under Title VI generally and affording reasonable accommodation to LEP drivers specifically.

## **POLICY:**

Formal driver interviews to confirm ELP will not be conducted during roadside inspections.

If the driver can communicate sufficiently to complete the inspection or investigation, he/she should not be cited for violations of 391.11(b)(2). If the driver cannot read, write, or speak English but can communicate sufficiently with the inspector/investigator, he/she should not be cited for a violation of 391.11(b)(2).

Tools to facilitate communication such as interpreters, I-Speak cards, cue cards, smart phone applications, and On-Call Telephone Interpretation Service may be used when interacting with drivers. Federal Highway Administration Recipients (primarily State Departments of Transportation) are required to have developed Language Access Plans under their Title VI Programs and may be useful resources to contact regarding available LEP tools and resources. Use of these devices does not constitute a violation of 391.11(b)(2).

If a deaf or hard-of-hearing driver has obtained an exemption from the hearing standard under 49 CFR 391.41(b)(l l), the deaf or hard-of-hearing driver satisfies the English language requirement, if they can read and write English sufficiently to communicate.

If a non-English speaking driver acknowledges that he/she does not speak English, the driver should be cited for a violation of Section 391.11(b)(2). However, this is no longer an OOS violation.

This policy does not apply to inspections in Puerto Rico, Guam, the No11hern Mariana Islands or American Samoa, as each of these territories has an official language in addition to English.

If a driver is cited for a violation of the ELP requirements and the employing motor carrier provides information advising that the employee has completed English language training, it should be considered sufficient documentation for addressing this violation.

If during an investigation, there is a pattern of violations discovered and the motor carrier is also identified for prioritization by the Safety Measurement System through an Alert in the Driver Fitness BASIC, enforcement action on these violations may be considered.

**EFFECTIVE DATE:**

This policy is effective immediately. Please share this information with the State Motor Carrier Safety Assistance Program lead agency.

If you have any questions or comments regarding application of this policy, please contact Bill Mahorney, Chief, Enforcement Division, at 202-493-000l or Bill.Mahorney@dot.gov.