# EXHIBIT 4



## INTERNAL AGENCY ENFORCEMENT POLICY

**ACTION**: English Language Proficiency Under 49 CFR § 391.11(b)(2) (MC-SEE-2025-0001)

Date: May 20, 2025

**From**: Philip W. Thomas
Deputy Associate Administrator for Safety

Digitally signed by PHILIP WALTER THOMAS III
Date: 2025.05.20 10:16:50 -04'00'

**To**:    All FMCSA Staff

### PURPOSE

This policy memorandum provides guidance to Federal Motor Carrier Safety Administration (FMCSA) enforcement personnel providing oversight of Title 49 of the Code of Federal Regulations (49 CFR) part 391 in conducting North American Standard (NAS) Driver and Vehicle Inspections who need to evaluate whether drivers can satisfy the English Language Proficiency (ELP) qualification requirements in 49 CFR § 391.11(b)(2) by responding to official inquiries and understanding highway traffic signs and signals in the English language. This policy also provides enforcement guidance for discovered violations of 49 CFR § 391.11(b)(2).

### CANCELLATION

This memorandum rescinds and supersedes the policy memorandum entitled, "English Language Proficiency Testing and Enforcement Policy (MC-ECE-2016-006)," dated June 15, 2016.

### BACKGROUND

Pursuant to 49 U.S.C. § 31502(b), FMCSA may prescribe safety of operation requirements for the qualification of drivers operating commercial motor vehicles (CMVs) in interstate commerce. In accordance with 49 CFR § 391.11(a), a person shall not drive a CMV, as defined in 49 CFR § 390.5T, in interstate commerce unless the individual meets the driver qualification requirements in 49 CFR part 391. Under 49 CFR § 391.11(b)(2), the Secretary has determined that a person is qualified to drive a CMV in interstate commerce if they can read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records. Pursuant to the regulation, a driver that cannot read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records is not qualified to operate a CMV in interstate commerce.

Effective April 1, 2005, the Commercial Vehicle Safety Alliance (CVSA) amended its North American Standard (NAS) Out-of-Service (OOS) criteria to include violations of 49 CFR § 391.11(b)(2).[1]  In a July 20, 2007, policy memorandum, FMCSA issued guidance instructing inspectors to cite drivers and motor carriers for violations of 49 CFR § 391.11(b)(2) when a driver failed to communicate in English sufficiently to understand and respond to official inquiries and directions, and to place the driver out-of-service.  The same memorandum provided guidance and an assessment tool to confirm a driver's ability to communicate English sufficiently to understand and respond to official inquiries and directions.  In a second policy memorandum, effective February 1, 2008, FMCSA staff and enforcement personnel were provided guidance for evaluating a driver's ability to understand U.S. highway traffic signs.  The 2008 policy allowed the driver to explain his/her understanding of the highway traffic signs in a language other than English, provided the inspector was able to understand the explanation.

On October 1, 2014, FMCSA published regulatory guidance titled, "Driver Qualifications; Regulatory Guidance Concerning the Applicability of Language Requirement to Drivers Who Do Not Meet the Hearing Standard" (79 Fed. Reg. 59139).  This guidance explained that the English language requirement should not be construed to prohibit operation of a CMV by hearing-impaired drivers who can read and write in the English language but do not speak, for whatever reason, and were granted exemptions by FMCSA.  Specifically, the guidance advises that a driver who is granted an exemption from 49 CFR § 391.41(b)(11) would not be considered unqualified under the English language proficiency requirement in 49 CFR § 391.11(b)(2) if the driver is capable of reading and writing in the English language.  In that circumstance, the hearing-impaired driver satisfies the English language requirement.  This regulatory guidance continues to remain in effect.

Effective April 1, 2015, CVSA removed 49 CFR § 391.11(b)(2) from its OOS criteria.  FMCSA subsequently canceled its 2007 and 2008 policies on citing non-compliance with 49 CFR § 391.11(b)(2) as an OOS violation.  On June 15, 2016, FMCSA issued policy memorandum "English Language Proficiency Testing and Enforcement Policy (MC-ECE-2016-006)" to provide guidance to FMCSA personnel conducting safety investigations, audits, and inspections of commercial motor vehicles and drivers.  The policy removed the requirement to place drivers out-of-service for English Language Proficiency (ELP) violations and changed the Agency's standard for determining non-compliance with the ELP requirements of 49 CFR § 391.11(b)(2).

Under the 2016 policy, FMCSA personnel were directed to cite drivers for violations of 49 CFR § 391.11(b)(2) but not to place them out-of-service.

On April 28, 2025, the President issued Executive Order 14286, "Enforcing Commonsense Rules of the Road for America's Truck Drivers,"[2] which called upon FMCSA to rescind the 2016

---

[1]  In accordance with the definition of "out-of-service order" under 49 CFR § 390.5T, violations of 391.11(b)(2) may only be considered an out-of-service condition if included within the North American Standard Out-of-Service Criteria. The North American Standard Out-of-Service Criteria is developed and maintained by the Commercial Vehicle Safety Alliance.

[2]  See 90 FR 18759 (May 2, 2025), available at https://www.federalregister.gov/documents/2025/05/02/2025-07786/enforcing-commonsense-rules-of-the-road-for-americas-truck-drivers.

2

guidance document and issue new enforcement guidance to FMCSA personnel, outlining inspection procedures necessary to ensure compliance with the requirements of 49 CFR § 391.11(b)(2). FMCSA must take all necessary and appropriate actions, consistent with applicable law, to ensure that the out-of-service criteria are revised such that a violation of the English language proficiency requirement results in the driver being placed out-of-service, including by working with the relevant entities responsible for establishing the out-of-service criteria.

Consistent with this Executive Order, this policy memorandum changes the 2016 directive by ensuring that drivers meet qualification standards and support the safe operation of commercial vehicles on the Nation's roadways.

FMCSA inspectors should follow the procedures set forth in this enforcement policy when evaluating the qualification of a driver; regulated entities are not bound by this enforcement policy but are bound by the driver qualification standard in 49 CFR § 391.11(b)(2).

The failure to adequately enforce driver qualification standards poses serious safety concerns and increases the likelihood for a crash. As part of the driver qualification standard, FMCSA believes a driver's failure to comply with the ELP qualification requirements constitutes a safety risk and that this risk was underestimated in previous agency enforcement discretion. Increased enforcement and the consequence of placing a driver out of service, instead of simply citing a driver for the violation, will lead to increased safety.

**POLICY**

This policy advises FMCSA personnel to initiate all roadside inspections in English. If the inspector's initial contact with the driver indicates that the driver may not understand the inspector's initial instructions, the inspector should conduct an ELP assessment in order to evaluate the driver's compliance with 49 CFR § 391.11(b)(2). This assessment should consist of a (1) driver interview; and (2) highway traffic sign recognition assessment.

Step 1. *Driver Interview – Determining a Driver's Ability to Respond Sufficiently to Official Inquiries*

The inspector should evaluate the driver's ability to respond sufficiently to official inquiries and directions in English, as required by 49 CFR § 391.11(b)(2). (b) (7)(E)



(b) (7)(E)

Because the driver interview is a means of establishing the driver's ability to respond to official inquiries by speaking English sufficiently, the inspector should inform the driver that the driver should respond to the inspector in English.  Tools to facilitate communication such as interpreters, I-Speak cards, cue cards, smart phone applications, and On-Call Telephone Interpretation Service should not be used during the driver interview, as those tools may mask a driver's inability to communicate in English.

If the inspector determines the driver is unable to respond to official inquiries in English sufficiently, it is the policy of FMCSA that the inspector cite the driver for a violation of 49 CFR § 391.11(b)(2).

There is no need to progress to Step 2 if the inspector determines that the driver is unable to respond sufficiently to official inquiries as outlined in Step 1 of the ELP Assessment.

*Step 2. Highway Traffic Sign Recognition Assessment – Determining a Driver's Ability to Understand Sufficiently United States Highway Traffic Signs Including Changeable Signs in the English Language*

The inspector should evaluate the driver's ability to understand sufficiently United States highway traffic signs by conducting a Highway Traffic Sign Assessment to include highway traffic signs that conform to the Federal Highway Administration's *Manual on Uniform Traffic Control Devices for Streets and Highways* (MUTCD) and electronic-display changeable (a.k.a. "dynamic") message signs the driver may encounter while operating a commercial motor vehicle:

1.  Explain to the driver that one of the qualifications to drive a CMV that the inspector is evaluating is that the driver is able to understand the meaning of U.S. highway signs.

(b) (7)(E)



(b) (7)(E)

*Documentation for a Violation of 49 CFR § 391.11(b)(2)*

If the inspector cites the driver for a violation of 49 CFR § 391.11(b)(2), the inspector must document all evidence to support the identified violation including the driver's responses or lack thereof.  It is the policy of FMCSA that the inspector also take follow-on action including: 1) placing the driver immediately out-of-service once a violation of 49 CFR § 391.11(b)(2) is incorporated into the North American Standard Out-of-Service Criteria; and 2) when warranted, initiating an action to disqualify the driver from operating commercial motor vehicles in interstate commerce.

Should the driver be placed out-of-service, the inspector should advise the driver that it is unlawful to operate a commercial motor vehicle while out-of-service and that the driver should not operate commercial motor vehicles in interstate commerce until the condition is remedied.

If the inspector determines that the driver is in compliance with the regulation's requirements to have the ability to respond to official inquiries and to understand highway traffic signs and signals, the inspector may elect to conduct the remainder of the inspection using the communication methods and techniques best suited to facilitate the safe and effective completion of the inspection.

**APPLICABILITY**

This policy applies to all FMCSA enforcement personnel who perform inspections of motor carriers and drivers in the United States[4] engaged in interstate operation of commercial motor vehicles as defined in 49 CFR § 390.5T.  However, when performing inspections of drivers operating commercial motor vehicles in the border commercial zones along the U.S.-Mexico border, FMCSA enforcement personnel should cite drivers for violations of 49 CFR § 391.11(b)(2) in accordance with this policy, but should not take follow-on actions of placing the driver out-of-service or initiating an action to disqualify the driver.

In accordance with prior guidance issued in 2014, drivers who are hearing impaired but have obtained an exemption from the hearing standard in 49 CFR § 391.41(b)(11), shall not be deemed unqualified and placed out-of-service under 49 CFR § 391.11(b)(2) if they are unable to communicate orally in English.[5]

**EFFECTIVE DATE**

This policy is effective immediately. All Federal inspectors are to begin implementing this policy for all commercial motor vehicle drivers entering and operating within the U.S., and take all necessary actions to initiate the driver disqualification process should a driver be deemed unqualified under 49 CFR § 391.11(b)(2).

---

[4]  This policy does not apply to inspections in Puerto Rico, Guam, the Northern Mariana Islands, or American Samoa.

[5]  See *Driver Qualifications; Regulatory Guidance Concerning the Applicability of Language Requirement to Drivers Who Do Not Meet the Hearing Standard*, 79 Fed. Reg. 190 (Oct. 1, 2014).

FMCSA notes that on May 1, 2025, the Commercial Vehicle Safety Alliance voted to incorporate violations of 49 CFR § 391.11(b)(2) into the North American Standard Out-of-Service criteria, effective June 25, 2025. Once incorporated, this policy will provide uniform enforcement by Federal and State inspectors.

If you have any questions or comments regarding this document, please contact Bill Mahorney in the Enforcement Division at (202) 493-0001.

Attachments
1. Strategies for Communication with Non-Native Speakers of English and Examples of Driver Interview Questions.
2. Highway Traffic Signs Examples.

6

Attachment 1

## Strategies for Communication with Non-Native Speakers of English and Examples of Driver Interview Questions

Inspectors may explain in English or any language that can be understood by the driver, that (l) the inspector should conduct their portion of the driver interview in English; (2) as a means of establishing the driver's ability to communicate (speak) in English sufficiently, the inspector will be evaluating the driver's ability to respond in English, so drivers should respond to the driver interview questions in English; and    (3) if the inspector determines the driver is unable to respond sufficiently to official inquiries in English, the inspector should cite the driver for a violation of section 391.11(b)(2).

The inspector should speak slowly, but naturally; be mindful not to rush the questions; and paraphrase (in English) as appropriate.





2

Attachment 2

## Highway Traffic Signs Examples



2





3